UNITED STATES *v.* WESTERN SURGICAL SUPPLY CO. (No. 3782)[1]

---

[1] T. D. 47348.

United States Court of Customs and Patent Appeals, October 29, 1934

*Joseph R. Jackson*, Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Lawrence & Baldwin* for appellee.

[Oral argument October 8, 1934, by Mr. Folks; submitted on record by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court (First Division) sustaining a protest of appellee insofar as it claimed the merchandise covered thereby to be dutiable at 70 per centum ad valorem under paragraph 359 of the Tariff Act of 1930.

The merchandise involved was invoiced as "Tuberculin syringes, Jena glass with finger grip." It was entered as "two packages surgical articles of glass (syringes)." The merchandise was classified and assessed with duty as "glass hypodermic syringes" at 85 per centum ad valorem under paragraph 218 of said Tariff Act of 1930.

The pertinent parts of the competing paragraphs read as follows:

PAR. 218 (a). Biological, chemical, metallurgical, pharmaceutical, and *surgical articles and utensils of all kinds*, including all scientific articles, and utensils, whether used for experimental purposes in hospitals, laboratories, schools or universities, colleges, or otherwise, all the foregoing (except articles provided for in paragraph 217 or in subparagraph (e)), finished or unfinished, *wholly or in chief value of glass*, 85 per centum ad valorem; wholly or in chief value of fused quartz or fused silica, 50 per centum ad valorem. (Italics ours.)

PAR. 359. Surgical instruments, and parts thereof, including hypodermic needles, *hypodermic syringes*, and forceps, *composed wholly or in part of iron, steel, copper, brass, nickel, aluminum, or other metal*, finished or unfinished, 55 per centum ad valorem, *unless in chief value of glass*, in which case the rate shall be 70 per centum ad valorem; * * * *Provided*, That *all articles specified in this paragraph*, when imported, shall have the name of the maker or purchaser and beneath the same the name of the country of origin die sunk conspicuously and indelibly on the outside, or if a jointed instrument on the outside when closed. (Italics ours.)

But one witness testified for appellee, and his testimony is very meager; the Government offered no evidence.

There was introduced in evidence Illustrative Exhibit A, which was not a sample of the imported articles, but which appellee's witness testified would, without graduations, represent the general

size, style and capacity of the imported article, which imported article was a plain and ungraduated syringe having no needle, made wholly of glass.

Appellee has made no appearance in this court, so we have been without the benefit of brief or oral argument in his behalf.

Throughout the trial in the lower court the articles involved were regarded as hypodermic syringes made wholly of glass. Appellee's witness testified that "It is a hypodermic syringe, glass." He further testified as follows:

Q. Have you become familiar with hypodermic syringes?—A. I have.
Q. What are they?—A. They are syringes for injecting liquids under the skin
Q. Does this syringe perform that function?—A. It does.
Q. In order to do it, does it have to have anything attached to it except a needle?—A. Nothing but a needle.

The trial court found that the article involved is a glass hypodermic syringe, and held that because it was in chief value of glass it was dutiable, as claimed by appellee, under said paragraph 359 at 70 per centum ad valorem.

While we have some doubt as to whether the article in question responds to the definition of the words "hypodermic syringe" given by lexicographers, that question was not an issue upon the trial before the court below, the article being regarded by the parties as a "hypodermic syringe" in a tariff sense. The sole issue in the court below, as appears from the record, was whether a hypodermic syringe composed wholly of glass was dutiable under paragraph 218 (a) or under paragraph 359, and that is the only question that will be considered by us upon this appeal.

That the article in question is a surgical article within the meaning of paragraph 218 (a) is established by the testimony, and it was so classified by the collector.

The trial court in its decision stated:

The merchandise in question consists of glass hypodermic syringes. Plaintiff's counsel agrees that they are used for surgical purposes, and as such take a higher rate than similar instruments used in dental work. Inasmuch as surgical hypodermic syringes in chief value of glass are *eo nomine* specified in the above-quoted portion of paragraph 359, we hold the merchandise in question dutiable thereunder at 70 percent ad valorem.

At the trial, defendant's counsel called the court's attention to a case which he claimed covered "identical merchandise", decided by the Court of Customs and Patent Appeals in *United States* v. *J. Schultz & Co.* (20 C. C. P. A. 129). But a mere casual reading of the decision shows that the merchandise was not identical with that covered by the case at bar, for the court said at page 132 of its decision:

It is very doubtful if the syringe at bar could be regarded as a hypodermic syringe under any circumstances. Under this record it does not respond to the common understanding of the term "hypodermic syringe."

That decision is not at all applicable to the case at bar where the uncontradicted positive testimony is that the merchandise is glass *hypodermic* syringes. (Italics quoted.)

The trial court evidently overlooked a part of our opinion in the case of *United States* v. *J. Schultz & Co.*, 20 C. C. P. A. (Customs) 129, T. D. 45755, cited in the above quotation. In that case syringes composed wholly of glass were involved, of a larger size than the syringes here involved. An illustrative exhibit was there introduced in evidence, representing the imported article, and enclosed with the exhibit was a metal hypodermic needle adapted to fit over the point or opening of the imported article, but which needle was not a part of the importation. The syringes were classified by the collector as surgical articles under said paragraph 218 (a), and were claimed by the importer to be dutiable under said paragraph 359. In our opinion in that case we said:

It is very doubtful if the syringe at bar could be regarded as a hypodermic syringe under any circumstances. Under this record it does not respond to the common understanding of the term "hypodermic syringe." However, we think it may be properly classed as a surgical instrument. Therefore, as we see it, the pertinent inquiry is, Is it dutiable under paragraph 218 (a) as "surgical articles or utensils of all kinds," or under paragraph 359 as "surgical instruments?"

We further said:

Furthermore, it seems to us that the natural construction of the language used in paragraph 359 would indicate that the all-glass article at bar should not be classified thereunder. It will be noted that the surgical instruments therein provided for are to be "composed wholly or in part of iron, steel, copper, brass, nickel, aluminum, or other metal." We do not think the term "unless in chief value of glass" (although an article wholly of glass is in chief value of glass) was intended to prevail over the provision in the same sentence, "wholly or in part of iron [etc.]." To give the paragraph as a whole its natural and, we think, its intended meaning, it must be held that in order for an article to respond to the language used in the paragraph it must be wholly or in part of metal. An article which is in part of metal but is in chief value of glass would respond to the language, but an article wholly of glass would not.

The last above quoted language was no doubt inadvertently overlooked by the trial court. It is conceded that the imported article is composed wholly of glass, and under our decision in the *Schultz* case, *supra*, a surgical instrument, to be classifiable under said paragraph 359, must be composed wholly or in part of metal.

Paragraph 359 states as follows:

Surgical instruments, and parts thereof, including hypodermic needles, hypodermic syringes, and forceps, composed wholly or in part of iron, steel, copper, brass, nickel, aluminum, or other metal * * *.

If surgical instruments must be composed wholly or in part of metal in order to be classifiable under the paragraph, as we correctly held in the *Schultz* case, *supra*, it is obvious from the language above quoted. that hypodermic syringes must likewise be composed in whole or in part of metal to be classifiable under said paragraph 359.

As the article here involved is composed wholly of glass, it is not classifiable under said paragraph 359, and the trial court erred in so holding. So far as appears from the record before us, the collector properly classified the merchandise under paragraph 218 (a), and the judgment of the United States Customs Court is *reversed*.